[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13685
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 10, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:09-cr-60260-WPD-8

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATIA SPATES,
a.k.a. Tia,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 10, 2011)

Before BARKETT, HULL and BLACK, Circuit Judges.

PER CURIAM:

Natia Spates appeals her 66-month sentence for distribution and possession

with intent to distribute crack cocaine within 1,000 feet of a playground, in violation of 21 U.S.C. § 860. On appeal, Spates argues that her 66-month sentence is substantively unreasonable, and that the district court should have imposed the 60-month mandatory minimum sentence that she requested. Specifically, Spates argues that the district court failed to give appropriate weight to certain factors under 18 U.S.C. § 3553(a), such as her lack of criminal history, minimal participation in the conspiracy, and the fact that she has a child that she will be unable to care for while incarcerated.

On this record, we cannot say the district court abused its discretion when it sentenced Spates to 66 months imprisonment.[1] The record indicates that the district court carefully considered the 18 U.S.C. § 3553(a) sentencing factors in determining an appropriate sentence for Spates, including her personal characteristics and background, and found that they warranted a 21-month downward variance from Spates's advisory guidelines range of 87 to 108 months. However, the district court concluded that a sentence above the mandatory minimum of 60 months was appropriate because selling drugs near a playground is a serious offense, and one in which Spates played a substantial role.

---

[1] We review the reasonableness of sentences imposed under the Sentencing Guidelines by an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 56, 128 S.Ct. 586, 600, 169 L.Ed.2d 445 (2007).

Although Spates disagrees with the weight given by the district court to her personal characteristics and background, we cannot say the district court's consideration of the § 3553(a) factors was unreasonable. *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009), *cert. denied*, 129 S.Ct. 2847 (2009) ("[A] district court has 'considerable discretion' in deciding whether the § 3553(a) factors justify a variance and the extent of one that is appropriate.") (citation omitted). Accordingly, we affirm Spates's 66-month sentence.

**AFFIRMED.**